**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0809n.06

No. 10-5275

**FILED**

**Dec 05, 2011**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOHN K. HICKS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CONCORDE CAREER COLLEGE, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  SILER and KETHLEDGE, Circuit Judges; and ADAMS, District Judge.[*]

PER CURIAM.  John K. Hicks appeals the district court's granting summary judgment to Concorde Career College (Concorde).  We affirm.

Hicks filed a complaint against his former employer, Concorde Career College ("Concorde"), alleging that it discriminated against him based on his race and gender, created a hostile work environment, and retaliated against him for filing a complaint with the Equal Employment Opportunity Commission (EEOC).  The district court granted summary judgment to Concorde.  On appeal, Hicks argues that the district court erred by granting summary judgment to Concorde and by failing to rule on his motion to strike certain evidence.

We review de novo a district court's grant of summary judgment.  *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011).  Summary judgment is appropriate "if the movant shows that

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Hicks first argues that the district court erred by granting summary judgment to Concorde on his claim that Concorde discriminated against him based on his gender, in violation of the Equal Pay Act ("EPA"), by paying him a lower initial salary than it paid to similarly-situated female admissions representatives. "[T]o establish a prima facie case of wage discrimination under the EPA, plaintiffs must show that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). "Once the plaintiff establishes a prima facie case, the defendant must prove that the wage differential is justified under one of the four affirmative defenses set forth under § 206(d)(1) of the Equal Pay Act: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex." *Id.* at 360 (internal quotation marks and citation omitted).

Assuming that Hicks made a prima facie showing of wage discrimination, the district court properly granted summary judgment to Concorde because it proved that the wage differential between Hicks and the specified female admissions representatives was justified on a basis other than gender. The declarations of Diana Hawkins-Jenks and Cliff Custer demonstrated that Concorde determined an individual's starting salary based on his or her verifiable relevant experience and that Hicks was paid a lower initial salary than the female representatives who he claims were similarly situated because Concorde could verify only nine months of Hicks's prior experience, while it

verified between five and ten years of prior experience for the female representatives. There is no genuine dispute as to any material fact concerning whether the difference in pay was due to a factor other than gender. *See Beck-Wilson*, 441 F.3d at 365.

Hicks next argues that the district court erred by granting summary judgment to Concorde on his claim that Concorde discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964. "[T]o present a claim, either mixed-motive or single-motive, under Title VII, a plaintiff must demonstrate that he has suffered an adverse employment action." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008) (internal quotation marks omitted). "An adverse employment action is an action by the employer that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* (internal quotation marks omitted). To avoid summary judgment, a plaintiff must "demonstrate that an illegitimate discriminatory animus factored into the defendant's decision to take the adverse employment action." *Id.* at 401.

Hicks failed to demonstrate that a genuine issue of material fact existed concerning whether his race was a factor in Concorde's employment decisions. The undisputed evidence demonstrated that any difference between Concorde's treatment of Hicks and its treatment of Tommy Harrison, his Caucasian comparator, was based on differences in their experience, position, and production goals. Further, Hicks failed to present evidence that Concorde improperly altered his "start" requirements on a monthly evaluation form to understate his performance.

Hicks next argues that the district court erred by granting summary judgment to Concorde on his claim that Concorde retaliated against him for filing a complaint with the EEOC by giving

him a poor performance review and by writing him up for complaining. To make a prima facie showing of retaliation, a plaintiff must demonstrate that he engaged in a protected activity and that the defendant took an adverse employment action against him that was causally related to the protected activity. *Ladd v. Grand Trunk W. R.R.*, 552 F.3d 495, 502 (6th Cir. 2009). If the plaintiff establishes a prima facie case, the defendant must offer a non-discriminatory reason for the adverse employment action. *Id.* If the defendant does so, the plaintiff must demonstrate that the proffered reason was mere pretext. *Id.* Hicks failed to present evidence creating a genuine issue of material fact concerning whether Concorde's proffered reasons for its actions were mere pretext. The undisputed evidence demonstrated that Hicks's poor performance review for 2007 and his writeup were based on his failure to meet his production goals and his poor work ethic.

Hicks next argues that the district court erred by granting summary judgment to Concorde on his claim that Concorde created a racially hostile work environment. The district court properly declined to consider the merits of this claim because Hicks failed to address it in either his response to the summary judgment motion or his response to Concorde's reply brief. *See Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005).

Finally, Hicks argues that the district court erred by failing to rule on his motion to strike an exhibit showing that he had filed a prior discrimination lawsuit that had been dismissed. The district court's failure to rule on the motion constituted, at most, harmless error because the exhibit was irrelevant to the claims at issue and the district court did not rely on it in adjudicating Concorde's summary judgment motion.

Accordingly, we affirm the district court's judgment.