NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0721n.06

No. 13-2126

**FILED**
Sep 15, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PATRICK RUGIERO, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL FROM THE** |
| NATIONSTAR MORTGAGE, LLC; FANNIE | ) | **UNITED STATES DISTRICT** |
| MAE; MORTGAGE ELECTRONIC | ) | **COURT FOR THE EASTERN** |
| REGISTRATION SYSTEMS, INC.,  | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE:     BOGGS, BATCHELDER, and WHITE, Circuit Judges

**ALICE M. BATCHELDER, Circuit Judge.**  Despite failing to respond to any of the facts or legal arguments provided in Appellee Nationstar Mortgage, LLC, et al.'s (collectively, "Nationstar") motion for summary judgment, Appellant Patrick Rugiero appeals the district court's adverse summary judgment ruling, arguing that he has standing to contest his mortgage foreclosure and that the district court should have granted him leave to amend his complaint to state new claims in lieu of those he abandoned.  Rugiero not only abandoned his claims, but he also lacks standing to pursue them because of his bankruptcy action that was pending at the time he filed his complaint.  It would have been futile for Rugiero to amend his complaint because the relief he seeks is available only *before* a foreclosure has occurred, and even were it available,

Rugiero's claims would still belong to the bankruptcy estate. Thus, we AFFIRM the judgment of the district court.

## I.

Rugiero defaulted on his mortgage payments, and foreclosure proceedings were initiated by Nationstar. After Nationstar provided the requisite notices, Rugiero's property was sold to Nationstar at a Sheriff's Sale on May 26, 2010. On May 28, 2010, Nationstar transferred its interest by quit-claim deed to Fannie Mae. After Rugiero's statutory right of redemption lapsed on November 26, 2010, Fannie Mae filed a complaint in Michigan state court for possession of the property. On January 28, 2011, Rugiero filed for protection in federal court under Chapter 13 of the Bankruptcy Code.

Rugiero filed the complaint in this case in Wayne County Circuit Court on March 11, 2011, about six weeks after initiating bankruptcy proceedings. Rugiero alleged that defendants' loan-servicing and assignment practices were predatory and deceptive. One defendant—Flagstar Bank—removed the case to federal court, after which Flagstar was dismissed as a defendant by joint stipulation. The remaining defendants—Nationstar Mortgage, LLC; Fannie Mae; and Mortgage Electronic Registration Systems, Inc.— filed a motion for dismissal and/or summary judgment on June 6, 2012. Rugiero filed a response on July 2, 2012, and a motion to amend his complaint on July 3, 2012. Rugiero's motion to amend was referred to a magistrate judge, who denied the motion without prejudice to renewal, pending the district court's resolution of defendants' motion for dismissal and/or summary judgment.

The district court granted defendants' motion for summary judgment on March 3, 2013.[1] The court held that Rugiero's failure to respond to any of the facts or legal arguments raised in defendants' motion provided sufficient justification to grant the motion. The court also granted the motion for the independent reason that Rugiero lacked standing to bring his claims because of his then-pending bankruptcy action. The court denied Rugiero's motion to amend his complaint because the remedy Rugiero sought was unavailable after completion of the foreclosure process. The district court then denied Rugiero's motion for reconsideration following additional briefing.

## II.

We review de novo a district court's grant of summary judgment. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389 (6th Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must provide "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). And "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## A.

Nationstar moved for summary judgment on June 6, 2012. Rugiero responded that Nationstar's motion was untimely and that he should be given leave to amend his complaint. Rugiero did not deign even to attempt a response to Nationstar's factual and legal arguments in favor of summary judgment. As the district court recognized, "Plaintiff's response to

---

[1]The district court treated defendants' motion as a motion for summary judgment, rather than a motion to dismiss, because "both parties directe[d] the Court's attention to matters outside the pleadings."

Defendants' well-supported motion offers absolutely no law or argument to counter the facts and legal argument presented in Defendants' motion." The district court correctly concluded that Rugiero's silence was sufficient justification for granting Northstar's motion for summary judgment. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) ("The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.").

**B.**

The district court granted Northstar's motion for summary judgment because Rugiero lacked the capacity to sue. Rugiero filed for Chapter 13 bankruptcy protection before filing this complaint. We have held that

> the trustee in bankruptcy acts as representative of the estate. It is the trustee who has capacity to sue and be sued. It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate. The debtor has no standing to pursue such causes of action.

*Bauer v. Commerce Union Bank, Clarksville, Tenn.*, 859 F.2d 438, 441 (6th Cir. 1988) (internal quotation marks and citations omitted); *see also Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) ("When Auday filed for bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition. . . . This means that, absent abandonment, only the Trustee may bring the age-discrimination claim, and Auday has no standing to pursue it alone." (internal quotation marks and citation omitted)).

Rugiero has argued both that he "was improperly advised by his bankruptcy counsel," and that "any and all claims against Defendants were discovered *after* the filing of Plaintiff's bankruptcy." Rugiero has provided no support for either argument. The district court found it "undisputed that each of Plaintiff's claims in his original Complaint, and his claim sought to be

asserted in his proposed Amended Complaint, relates to events that transpired well before he filed for bankruptcy on January 28, 2011." Even had Rugiero only become aware of his claims after filing for Chapter 13 protection, he was required to "amend his bankruptcy filings to disclose th[ese] claim[s]" because "the duty of disclosure is a continuing one." *Vaughn v. Cnty. of Washtenaw*, No. 10-14019, 2011 WL 2271315, at *4 (E.D. Mich. June 8, 2011) (internal quotation marks omitted). Accordingly, summary judgment was appropriate on either of the bases provided by the district court.

**III.**

If we construe Rugiero's cryptic merits brief liberally, Rugiero also appeals the district court's denial of his motion to amend his complaint. Rugiero's amended complaint abandons his previous claims and seeks relief under Mich. Comp. Laws § 600.3205c(8) for Northstar's alleged noncompliance with the notice provision required by Mich. Comp. Laws § 600.3205(a). As a remedy, Rugiero asks the court to convert the foreclosure by advertisement into a judicial foreclosure.

Even accepting Rugiero's statement that he "does not know whether he received" the required statutory notice prior to the foreclosure as raising sufficient evidence to enable a trier of fact to find in his favor, we are unable to grant relief. We have held that Mich. Comp. Laws § 600.3205c(8) permits an injunction against a non-judicial mortgage foreclosure only if a lawsuit is commenced before the foreclosure sale occurs. *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) ("[T]he Smiths appear to have missed the boat regarding the applicability of this statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."); *Acheampong v.*

*Bank of N.Y. Mellon*, No. 12-13223, 2013 WL 173472, at *6 (E.D. Mich. Jan. 16, 2013), *aff'd*, 531 F. App'x 751 (6th Cir. 2013) ("*Smith* is consistent with the opinions of courts in this district that have considered the issue.").

Rugiero filed his complaint in this case on March 11, 2011. Foreclosure occurred on May 26, 2010, and Rugiero's statutory right of redemption lapsed on November 26, 2010. Rugiero's bankruptcy petition was filed on January 28, 2011. Michigan law does not permit us to undo a foreclosure sale under § 600.3205(c)(8) months after the foreclosure has taken place.[2] Thus, the district court did not abuse its discretion by denying Rugiero's motion to amend his complaint. And, in any event, amendment would have been futile because Rugiero's claims belonged only to the bankruptcy trustee. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("[T]he district court's abuse of its discretion could amount to a harmless error if . . . amendment would have been futile.").

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2]One district court has held that relief under Mich. Comp. Laws § 600.3205c(8) extends beyond the date of foreclosure. *Bobel v. Met Life Home Loans*, No. 11-CV-10574, 2012 WL 5823759 (E.D. Mich. Mar. 21, 2012). The court limited its holding, however, to relief available during the statutory redemption period. *See id.* at *2 n.3 (refusing to "opine whether the conversion right could be exercised if the redemption period had expired"). In this case, the statutory redemption period expired prior to Rugiero's filing of the complaint.