**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 16a0030n.06**

**No. 15-1504**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KENYATTA NANCE; KIMBERLY NANCE, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| BANK OF AMERICA, N.A., | ) | |
| | ) | OPINION |
| Defendant-Appellee. | ) | |

**BEFORE:** GRIFFIN and STRANCH, Circuit Judges; GWIN, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.** In 2013, Bank of America, N.A. foreclosed on a property owned by Kenyatta Nance and Kimberly Nance. The Nances sought to have that foreclosure set aside, alleging defects in the loan modification proceedings. The district court determined that the Nances failed to state a claim upon which relief can be granted. We AFFIRM the district court's dismissal.

## I. BACKGROUND

In June 2003, Kenyatta Nance and Kimberly Nance obtained a loan to purchase a property at 24212 Petersburg Ave. in Eastpointe, Michigan. The Nances executed a $109,118.00 promissory note to the lender, which was secured by a mortgage on the property. The mortgage was ultimately reassigned to Bank of America, N.A., the defendant in this case.

---

[*] The Honorable James Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Bank of America initiated foreclosure-by-advertisement proceedings in July 2013, and the property was sold at sheriff's sale on November 1, 2013. Under Michigan law, the Nances then had six months to redeem the property. They do not allege that they did so.

On August 8, 2014, three months after the statutory redemption period expired, the Nances sued Bank of America in state court for quiet title and violation of Michigan's loan modification statute, Mich. Comp. Laws §§ 600.3205 & 600.3205c. Bank of America removed the case to federal court in September 2014 and moved to dismiss the complaint. The district court dismissed the case with prejudice in March 2015. This appeal followed.

## II. ANALYSIS

We review *de novo* a district court's order granting a Rule 12(b)(6) motion to dismiss, construing the complaint in the light most favorable to the plaintiff and accepting all allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). To survive a 12(b)(6) motion, the complaint must provide "enough facts to state a claim to relief that is viable on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Nances assert only two claims,[1] both of which challenge Bank of America's foreclosure by advertisement. In Michigan, foreclosures by advertisement are governed by Mich. Comp. Laws § 600.3204, which "provides certain steps that the mortgagee must go through in order to validly foreclose," and "controls the rights of both the mortgagee and the mortgagor once the [sheriff's] sale is completed." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). Under this statute, the mortgagor has "six months after the

---

[1] Count III is a request for relief—conversion of the foreclosure by advertisement into a judicial foreclosure under Mich. Comp. Laws § 600.3205c(8)—not a separate claim.

sheriff's sale in which to redeem the property." *Id.* (citing Mich. Comp. Laws § 600.3240(8)). Once the six-month redemption period expires, "the mortgagor's right, title, and interest in and to the property are extinguished," and courts may not set aside the foreclosure unless the mortgagor shows fraud or irregularity "relate[d] to the foreclosure procedure itself." *Id.* at 359-60 (internal quotation marks omitted). The mortgagor must also demonstrate prejudice, which means that "they would have been in a better position to preserve their interest in the property absent [the] defendant's noncompliance with [§ 600.3204]." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16, 825 N.W.2d 329, 337 (2012).

The Nances do not allege that they redeemed the property or challenged the foreclosure during the six-month redemption period. Accordingly, to state a claim based on noncompliance with § 600.3204, they must allege fraud or irregularity that resulted in prejudice.

The only fraud or irregularity alleged in the complaint is failure to comply with Michigan's loan modification statute. *See* Mich. Comp. Laws §§ 600.3205 & 3205c. We have repeatedly held that such allegations fail to state a claim. *See, e.g.*, *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 293-94 (6th Cir. 2015); *Bernard v. Fed. Nat'l Mortg. Ass'n*, 587 F. App'x 266, 270 (6th Cir. 2014); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 499 (6th Cir. 2014). Michigan's loan modification statute "merely requires that the lender consider modifying the borrower's loan before foreclosure; it does not create for the borrower an entitlement to a modification." *Campbell*, 611 F. App'x at 295. To allege prejudice, then, the plaintiff cannot simply assert that the defendant failed to comply with the loan modification statute; the plaintiff must also allege that absent this noncompliance, the defendant would have granted the loan modification. The complaint here does not include such an allegation.

Even if the complaint had included such an allegation, moreover, the claim fails for another reason: the court cannot grant relief. *See* Fed. R. Civ. P. 12(b)(6). The loan modification statute "does not permit a court to set aside a completed foreclosure." *Campbell*, 611 F. App'x at 295. Rather, the sole remedy "for violations that occur during the loan modification process is to convert the foreclosure-by-advertisement into a judicial foreclosure." *Id.* Because the foreclosure sale has been completed, however, this remedy is unavailable. *See Rugiero v. Nationstar Mortg., LLC*, 580 F. App'x 376, 379 (6th Cir. 2014) ("We have held that Mich. Comp. Laws § 600.3205c(8) permits an injunction against a non-judicial mortgage foreclosure only if a lawsuit is commenced before the foreclosure sale occurs."); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (reasoning that the plaintiffs "brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert").

The Nances' action to quiet title also fails. In Michigan, a plaintiff suing to quiet title has "the burden of proof and must make out a prima facie case of title." *US Bank Nat. Ass'n v. Curtis*, No. 322508, 2015 WL 6835485, at *7 (Mich. Ct. App. Nov. 3, 2015) (citing *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999)). Because the Nances' title was extinguished when the redemption period expired, *Conlin*, 714 F.3d at 359, they cannot make out a prima facie case of title. *See Elsheick*, 566 F. App'x at 499-500 (rejecting a quiet-title claim on the same ground).

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.