NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0284n.06

No. 19-3758

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RICHARD L. KOLESAR,          )
                             )
          Plaintiff-Appellant, )
                             )
v.                           )
                             )
ALLSTATE INSURANCE COMPANY,  )
                             )
          Defendant-Appellee. )
                             )

**FILED**
May 19, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

BEFORE:    BOGGS, GRIFFIN, and LARSEN, Circuit Judges.

BOGGS, Circuit Judge.  This is an appeal from a district-court order granting summary judgment in favor of defendant Allstate Insurance Company ("Allstate") in an action for insurance coverage brought by plaintiff Richard L. Kolesar ("Kolesar").  For the reasons set forth below, we affirm the district court's order.

## I.    BACKGROUND

Kolesar maintained two residences—a primary one, in Baltimore, Maryland, and a secondary one, in Euclid, Ohio.  In November 1996, Kolesar became responsible for maintaining the Ohio house built by his parents in 1955 (the "Property"), and in September 2006, he became its sole owner.  Kolesar occupied the Property intermittently, and between 2006 and May 2015 he maintained a Deluxe Homeowners [sic] Policy with Allstate.  The policy specifically excluded from coverage damage caused by freezing of the plumbing of an unoccupied property unless reasonable care was taken to maintain heat, or else the water supply was shut off and the pipes and appliances were drained.  On February 5, 2015, Kolesar was notified of a marked increase in water

usage at the Property beginning January 18, 2015. He shut off the water supply, sent a friend to inspect the Property, and filed an insurance claim with Allstate under the Deluxe Homeowners Policy. Allstate's forensic engineer subsequently determined that, during sub-freezing temperatures in January 2015, the Property had not been adequately heated and that the plumbing had not been drained, causing a pipe to freeze and burst, resulting in flooding and water damage to the insured Property. Accordingly, on February 26, 2015, Allstate denied coverage.

In early 2018, Kolesar filed for Chapter 13 bankruptcy relief. Among his assets, he scheduled a claim against Allstate in an unknown amount. On December 11, 2018, Kolesar filed a complaint *pro se* in the Court of Common Pleas, Cuyahoga County, Ohio, alleging breach of insurance contract and bad faith on the part of Allstate. Allstate removed the case to the Northern District of Ohio and moved for summary judgment a few months later. The district court granted Allstate's motion for summary judgment on July 9, 2019. The court granted summary judgment based on Kolesar's failure to timely respond to Allstate's challenge to his standing to bring insurance-related claims. The district court further held that as a Chapter 13 debtor, Kolesar did not have standing to bring the insurance-coverage claims. As an alternative holding, the court ruled that summary judgment was warranted because the contract claim was time-barred and otherwise lacked merit, and the bad-faith claim failed as a matter of law as well as on the merits. Kolesar timely appealed.

## II.    ANALYSIS

"This court reviews the district court's grant of summary judgment de novo." *CSX Transp., Inc. v. United Transp. Union*, 395 F.3d 365, 368 (6th Cir. 2005). "Summary judgment is appropriate where there is 'no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law.'" *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 788 (6th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

But "[b]efore we can consider the merits of appellant's claim or the propriety of the relief requested, . . . appellant must first demonstrate that [he] is entitled to invoke the judicial process." *Linda R.S. v. Richard D.*, 410 U.S. 614, 616 (1973). In other words, the appellant must "show that the facts alleged present the court with a 'case or controversy' in the constitutional sense and that [he] is a proper plaintiff to raise the issues sought to be litigated." *Ibid.*

Standing is not a mere pleading requirement but rather "an indispensable part of the plaintiff's case," and each element of standing must be supported "with the manner and degree of evidence required at the successive stages of the litigation" in the same way as "any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations . . . may suffice." *Ibid.* However, "[i]n response to a summary judgment motion, . . . the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." *Ibid.* (quoting Fed. R. Civ. P. 56(e)).

Here, Allstate challenged Kolesar's standing in its motion for summary judgment, while also defending against Kolesar's claims on the merits. Allstate alleged that Kolesar was not the proper plaintiff to bring suit against Allstate, because, according to public records, he had filed for bankruptcy relief prior to bringing action against Allstate. Therefore, Allstate argued, the claims against it became the properly scheduled property of the bankruptcy estate, and so the real party in interest was the trustee of the bankruptcy estate, not Kolesar.

The Bankruptcy Code provides that "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" comprise the bankruptcy estate. 11 U.S.C.

§ 541(a)(1). Furthermore, "it is well established that the 'interests of the debtor in property' include 'causes of action.'" *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (citations omitted). "[T]he trustee in bankruptcy acts as representative of the estate," and "[i]t is the trustee who 'has capacity to sue and be sued.'" *Ibid.* (quoting 11 U.S.C. § 323(b)). Consequently, in Chapter 7 bankruptcy, "[t]he debtor has no standing to pursue such causes of action." *Ibid.*; *see also Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (holding that an age-discrimination claim became the property of a Chapter 7 debtor's estate and that the trustee of the estate was the proper party to bring suit); *Rugiero v. Nationstar Mortg., LLC*, 580 F. App'x 376, 377 (6th Cir. 2014) (extending *Auday* and *Bauer* to Chapter 13 debtors). *But see Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472–74 (7th Cir. 1999) (holding that a Chapter 13 debtor-in-possession can exercise the powers of a trustee and sue in his own name for the estate), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *accord Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342–44 (4th Cir. 2013) (holding that a Chapter 13 debtor had standing to maintain a prepetition ADA claim); *Smith v. Rockett*, 522 F.3d 1080, 1081–82 (10th Cir. 2008) (holding that a Chapter 13 debtor had standing to bring an FDCPA claim in her own name on behalf of the bankruptcy estate), *but see id.* at 1083 (O'Brien, J., dissenting) ("[T]he bankruptcy code does not expressly give a Chapter 13 debtor capacity to sue in her own name as a representative of the estate.").

As our sister circuit put it, "the threshold issue is . . . whether [the debtor in bankruptcy] is the real party in interest" or whether he is "an interloper, trying to prosecute a claim that belongs to his estate in bankruptcy." *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). But we need not resolve this question today as to Chapter 13 debtors in general. That is because Kolesar failed to address his standing when responding to Allstate's motion for summary judgement.

Only after Allstate's reply again pointed out Kolesar's lack of standing, Kolesar raised arguments to support his standing in a sur-reply. However, the sur-reply was filed without leave of court. Therefore, it was not properly before the district court, and Kolesar must be deemed to have abandoned whatever arguments he may have tried to raise to defend his standing in the action against Allstate. *See, e.g.*, *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (per curiam) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment). Consequently, the district court properly "grant[ed] summary judgment on this basis alone" before also disposing of Kolesar's claims on other grounds.

Issues not raised "in the trial court are generally not appropriate for appellate consideration in the first instance." *Taft Broad. Co. v. United States*, 929 F.2d 240, 243 (6th Cir. 1991). That principle alone is sufficient to affirm the district court's grant of summary judgment.

Because the district court correctly granted summary judgement on the basis of Kolesar's failure to timely respond to Allstate's challenge to his standing to bring this action, we do not reach any other questions presented on appeal, and we express no view as to the merits of the complaint.

### III.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.