McKAY, Circuit Judge.
Plaintiff Shauna Smith filed a civil complaint in the district court alleging a violation of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p, and various state law claims against Defendants. The district court held that Plaintiff lacked standing to file this case because her Chapter 13 bankruptcy case was still pending at the time of filing. Plaintiff appeals the dismissal of her complaint for lack of standing.
Plaintiff asserts that she first knew of .the causes of action asserted in this complaint on May 5, 2005. Plaintiff filed her Chapter 13 bankruptcy petition on October 13, 2005, and she filed this civil complaint on May 4, 2006. On May 19, 2006, the bankruptcy court dismissed Plaintiffs bankruptcy case with prejudice. The district court dismissed the instant case for lack of standing on August 11, 2006. *1081 Plaintiff subsequently filed a motion to alter or amend judgment, which was denied by the district court on October 2, 2006. Plaintiff timely filed her notice of appeal on October 30, 2006.
“We review questions of standing de novo and construe the complaint in favor of the plaintiff, accepting as true all material allegations.” Catron County Bd. of Comm’rs, N.M. v. U.S. Fish & Wildlife Serv. 75 F.3d 1429, 1433 (10th Cir.1996) (citations omitted). Standing is assessed as of the time the action was commenced. Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n. 5, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
The district court “dismissed this action simply based on the fact that [Plaintiffs] bankruptcy case was pending at the time she filed this action and, consequently, [P]laintiff lacked standing to file it.” (R. Doc. 61 at 2.) The district court supported this decision with citations to cases holding that the bankruptcy trustee in a Chapter 7 case has exclusive standing to assert claims belonging to the bankruptcy estate. See, e.g., Vidal v. Doral Bank Corp., 363 F.Supp.2d 19, 22 (D.P.R.2005). Similarly, in their brief on appeal Defendants cite to several cases involving Chapter 7 proceedings and to the statutory provision defining the duties of a Chapter 7 trustee, 11 U.S.C. § 704(a)(1), in support of their argument that the trustee in Plaintiffs bankruptcy case had exclusive standing to bring the instant complaint.
However, Plaintiffs bankruptcy case was brought under Chapter 13, not Chapter 7. In a Chapter 13 case, unlike a Chapter 7 case, the debtor remains in possession of the property of the estate. See 11 U.S.C. § 1306(b). The duties of a Chapter 13 trustee differ from those of a Chapter 7 trustee, compare 11 U.S.C. § 1302(b) with 11 U.S.C. § 704(a), while a Chapter 13 debtor has many of the same rights and powers as a Chapter 7 trustee, see 11 U.S.C. § 1303.
Because of these differences between Chapter 7 and Chapter 13 bankruptcies, the four circuit courts to consider this issue have all concluded that Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate.[1] See Crosby v. Monroe County, 394 F.3d 1328, 1331 n. 2 (11th Cir.2004); Cable v. Ivy Tech State College, 200 F.3d 467, 472-74 (7th Cir.1999); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515-16 (2d Cir.1998); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1209 n. 2 (3d Cir.1992); see also Autos, Inc. v. Gowin, 244 Fed.Appx. 885, 889 (10th Cir.2007) (citing this authority and concluding that Chapter 13 debtor had standing to pursue claim on benefit of estate). “It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate.” Cable, 200 F.3d at 473; see also In re Bowker, 245 B.R. 192, 200 (Bankr.N.J.2000) (explaining other practical reasons why debtor rather than trustee should have standing to pursue litigation on behalf of Chapter 13 bankruptcy estate).
This conclusion is supported by the legislative history of the bankruptcy provisions: “Both the House of Representatives and Senate floor managers of the Uniform Law on Bankruptcies, Pub.L. No. 95-598 (1978), stated that ... ‘although Section [323] is not specified in section 1303, certainly it is intended that the [Chapter 13] *1082 debtor has the power to sue and be sued.’ ” Olick, 145 F.3d at 516 (first alteration in original) (quoting 124 Cong. Rec. Hll, 106) (statement of Rep. Edwards); 124 Cong. Rec. S17, 423 (statement of Sen. DeConci-ni). Rule 6009 of the Federal Rules of Bankruptcy Procedure also supports the conclusion that the Chapter 13 debtor has standing to bring a civil complaint: “With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.” Fed. R. Bankr.P. 6009 (emphasis added).[2]
We find this authority persuasive. We therefore hold that Plaintiff, as a Chapter 13 debtor, had standing to file this complaint on behalf of the bankruptcy estate. Because the district court did not address any of the alternative grounds for dismissal asserted by Defendants, we decline to address those issues for the first time on appeal, leaving them for the district court to consider on remand.[3]
We note that Plaintiffs bankruptcy case was dismissed with prejudice approximately two weeks after she filed her complaint in this case. Defendants’ argument that the dismissal of Plaintiffs bankruptcy case precludes any further bankruptcy proceedings may need to be addressed in the proceedings on remand, given our conclusion that Plaintiff had standing in her capacity as a Chapter 13 debtor rather than in her individual capacity. We conclude that it would be best to leave this argument to be considered in the first instance by the bankruptcy court, if necessary. See In re Gorski, 766 F.2d 723, 728 n. 4 (2d Cir.1985) (argument, raised for first time on appeal, that bankruptcy court would not have authority to reopen case dismissed based on debtor’s noncompliance with plan “need not be answered here and may be pressed on remand”). If the district court decides that none of the alternative grounds for dismissal asserted by Defendants apply, the bankruptcy court should determine whether it would be permissible and appropriate to reopen Plaintiffs bankruptcy case. The bankruptcy court may also determine whether sanctions would be appropriate for Plaintiffs alleged failure to disclose these causes of action in her bankruptcy schedule. If the bankruptcy court concludes that the bankruptcy case should not be reopened, the district court should determine whether, as Defendants argue, Plaintiff permanently lost possession of these causes of action under 11 U.S.C. § 554(d) because she failed to properly list them in her bankruptcy schedule.
We REVERSE and REMAND.

. Inexplicably, Plaintiff failed to discuss this persuasive authority in her filings to the district court and in her brief on appeal, citing only to Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2d Cir.1998), and failing to clearly explain how that case supported her argument that she had standing.

. We recognize that “debtor in possession” is a term of art found only in the Chapter 11 context. However, "the Chapter 13 debtor has been considered analogous to Chapter 11, which grants the debtor full authority as representative of the estate typical of a trustee.” Cable, 200 F.3d at 472 (citation omitted); see Campion v. Credit Bureau Servs., 206 F.R.D. 663, 669 (E.D.Wash.2001).

. Plaintiff also appeals the denial of her motion for substitution and motion for the court to take judicial notice of Defendant David Rockett's probate case following his death on August 19, 2006. The district court held that these motions were moot because the court had already dismissed Plaintiff's complaint for lack of standing. Because we reverse the court's dismissal of the complaint, we vacate the court’s denial of these motions and direct the court to reconsider them on remand.