2019 IL App (3d) 180576

Opinion filed September 25, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| RICHARD SMITH, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-18-0576 |
| | ) | Circuit No. 15-L-926 |
| INTEGRATED MANAGEMENT SERVICES, | ) | |
| LLC, an Ohio Limited Liability Company, | ) | |
| | ) | Honorable Raymond E. Rossi, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice McDade concurred in the judgment and opinion.
Justice Lytton specially concurred, with opinion.

**OPINION**

¶ 1        Plaintiff Richard Smith alleges he fell in the course of his employment as a truck driver

for Ricoh Americas Corporation (Ricoh), sustaining a back injury. He alleged his fall was due to

defendant's negligent handling of slippery debris. After this cause of action accrued, plaintiff

filed for bankruptcy. Plaintiff did not include this cause of action in his bankruptcy estate. It is

patently obvious that he lied under oath both to the bankruptcy court and in a deposition taken in

the case at bar. Defendant moved for summary judgment after learning plaintiff was suing for his

own benefit and took an inconsistent position in the bankruptcy court. Defendant argued plaintiff

(1) was judicially estopped from bringing the personal injury action after failing to disclose the claim during the bankruptcy proceedings and (2) lacked standing to pursue the claim for his own benefit when the claim was the property of the bankruptcy estate. The circuit court found that defendant proved all of the required elements for judicial estoppel by clear and convincing evidence and that plaintiff lacked standing to pursue the action for his own benefit. Plaintiff appeals. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        Plaintiff's complaint alleges that on February 26, 2014, he worked as a truck driver for Ricoh. In the course of his employment, he fell on polystyrene debris on the floor of Ricoh's warehouse, sustaining a back injury. Ricoh contracted with defendant to collect and bail the polystyrene.

¶ 4        On December 31, 2015, plaintiff filed this personal injury suit against defendant in the circuit court of Will County, Illinois, alleging that defendant negligently bailed the polystyrene, which led to the slippery conditions that caused plaintiff's fall and resulting injuries.

¶ 5        In March 2017, plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Arizona. He failed to disclose the personal injury action in his petition for bankruptcy or any of the related statements or schedules that he made under oath and on penalty of perjury. One schedule asked whether plaintiff had any claims against third parties, regardless of whether he had pursued legal action. Plaintiff did not disclose this action. Plaintiff's statement of financial affairs (SOFA) required him to list all lawsuits and court actions to which he was a party. He disclosed two collection actions but failed to include this personal injury action.

¶ 6         On April 26, 2017, plaintiff testified under oath in his bankruptcy proceedings. He averred that the petition and schedules were true and complete. He denied needing to make any changes.

¶ 7         Five days later, on May 1, 2017, plaintiff testified at a deposition in this case. The attorney asked him directly, "Have you ever declared bankruptcy?" Plaintiff responded, "No." The next day, plaintiff amended a schedule in his bankruptcy proceedings. However, he did not include any information regarding the existence of this lawsuit.

¶ 8         In August 2017, plaintiff sent defendant a written offer to settle the personal injury action for $1.2 million that encompassed medical bills, lost wages, as well as past and future pain and suffering. Later in August, plaintiff, again, amended a schedule in his bankruptcy proceedings and failed to mention this case.

¶ 9         On September 11, 2017, the bankruptcy court confirmed plaintiff's full-repayment plan. The court ordered plaintiff to pay all secured creditors in full plus interest. Plaintiff would pay unsecured claims in full over the course of five years interest free and without the possibility of default penalties.

¶ 10         On December 26, 2017, defendant filed a motion for summary judgment in this case. Defendant sought summary judgment on two bases: (1) plaintiff lacked standing to pursue the claim and (2) plaintiff was judicially stopped from pursuing the action where he failed to disclose it anywhere in his application for Chapter 13 bankruptcy.

¶ 11         On February 5, 2018, Ricoh filed a motion for leave to file an intervening petition as a matter of right, which the circuit court in this matter granted. That same day, plaintiff amended his bankruptcy application, namely Schedule B and SOFA, to include the personal injury action. He valued the claim at $300,000, only 25% of his settlement demand to defendant. The

bankruptcy court granted plaintiff's motion to employ special counsel in the personal injury action. The court did not amend plaintiff's Chapter 13 plan to reflect the existence of this lawsuit.

¶ 12    In June 2018, the circuit court held a hearing on defendant's motion for summary judgment. Plaintiff, defendant, and Ricoh, as intervening petitioner, were present. The circuit court entered an order granting summary judgment in favor of defendant, finding that plaintiff was judicially estopped from bringing the personal injury action and lacked standing.

¶ 13    Plaintiff filed a motion to reconsider, which the circuit court denied.

¶ 14                                II. ANALYSIS

¶ 15    Plaintiff argues that the circuit court erred in granting defendant's motion for summary judgment on the bases of judicial estoppel and standing. We apply *de novo* review to an appeal following a grant of summary judgment. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254 (2004). A circuit court does not err in granting a motion for summary judgment when there are no genuine issues of material fact; the moving party is entitled to judgment as a matter of law. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 24. Summary judgment should be denied where a reasonable person could draw competing inferences from undisputed facts. *Pielet v. Pielet*, 2012 IL 112064, ¶ 53. We will reverse a circuit court's grant of motion for summary judgment if (1) "there is a dispute as to a material fact" (*Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 424 (1998)), (2) "reasonable persons could draw divergent inferences from the undisputed material facts" (*id.*), or (3) "reasonable persons could differ on the weight to be given the relevant factors" of a legal standard (*Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 269 (2007)). The circuit court granted summary judgment on two bases; we may affirm on either. *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 357 (2006).

- 4 -

¶ 16    The doctrine of judicial estoppel prevents a party from taking contradictory positions in separate judicial proceedings. *Moy v. Ng*, 371 Ill. App. 3d 957, 962 (2007). Judicial estoppel is meant "to protect the integrity of the judicial process, [citation], by prohibiting parties from deliberately changing positions according to the exigencies of the moment." (Internal quotation marks omitted.) *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). The court must initially determine whether the prerequisites for the application of judicial estoppel have been met. *Seymour v. Collins*, 2015 IL 118432, ¶ 47. The party to be estopped must have "(1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it. [Citations.]" *Id.* We review the presence of these factors *de novo*. *Id.* ¶ 49. The court's ultimate decision—"whether to apply judicial estoppel—[is] an action requiring the exercise of discretion." *Id.* ¶ 47.

¶ 17    Plaintiff does not dispute that his actions satisfy the first four prerequisites. He satisfied the first prerequisite by taking inconsistent positions when he lied (1) under oath in the bankruptcy court by representing that no undisclosed claims existed and (2) in depositions for the case at bar by claiming he had never declared bankruptcy. These two positions are inapposite, satisfying the second prerequisite. Plaintiff satisfied the third prerequisite by taking these inconsistent positions in two separate judicial proceedings: the bankruptcy case and the personal injury action. He intended the courts in each proceeding to accept the truth of the facts he alleged, thereby satisfying the fourth prerequisite.

¶ 18    Plaintiff argues that the final prerequisite, whether he succeeded in the bankruptcy proceeding and received some benefit from it, remains unfulfilled. This final prerequisite has two

parts: receiving a benefit and succeeding. Plaintiff denies receiving any benefit from attempting to hide this cause of action in his bankruptcy petition because the bankruptcy plan requires him to pay back all of his creditors. Furthermore, he has not been successful in the first proceeding because the bankruptcy court has not discharged his debt. Plaintiff rejects defendant's reliance on federal case law, directing us to examine relevant Illinois authority. Even those cases do not support his argument.

¶ 19       Plaintiff directs us to *Barnes v. Lolling*, 2017 IL App (3d) 150157, ¶ 26, to support his claim that he did not receive a benefit from his failure to disclose this cause of action. In *Barnes*, the plaintiff failed to disclose her personal injury cause of action, valued in excess of $50,000, to the bankruptcy court while the proceedings remained open. *Id.* ¶ 24. The bankruptcy court discharged more than $92,000 of her unsecured debt, unaware of the personal injury cause of action that accrued 18 months before the bankruptcy proceedings closed. *Id.* ¶ 26. The defendant moved for summary judgment arguing, *inter alia*, that the plaintiff was judicially estopped from continuing in the action where she failed to disclose its existence to the bankruptcy court. *Id.* ¶ 8. The lower court granted the defendant's motion. *Id.* ¶ 23. This court affirmed the lower court's grant of the defendant's motion for summary judgment, stating that "the trial court could have reasonably found that [the plaintiff's] failure to disclose the claim during bankruptcy was deliberate rather than inadvertent." *Id.* ¶ 26. This court considered various facts, including that the plaintiff (1) claimed lost wages and a diminished earning capacity in a letter to the defendants but did not bring any such limitations to the bankruptcy court's attention regarding her payments, (2) did not file her claim or attempt to reach a settlement while the bankruptcy proceeding was open, and (3) waited almost two years to file the claim until the bankruptcy proceedings closed and the court discharged her unsecured debt. *Id.* ¶ 24.

¶ 20    Plaintiff here contends that a discharge in bankruptcy is standard evidence of a benefit. The bankruptcy court here discharged none of plaintiff's debt. Although a discharge is one way to incur a benefit from nondisclosure, the bankruptcy court's confirmation of a Chapter 13 plan is another. Courts nationwide recognize that when a bankruptcy court confirms a Chapter 13 plan, the court accepts the debtor's position and confers a benefit. See, *e.g.*, *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010); *Casanova v. Pre Solutions, Inc.*, 228 F. App'x 837, 840-41 (11th Cir. 2007); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 599-600 (5th Cir. 2005); *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 474-75, 479-82 (6th Cir. 2010).

¶ 21    Plaintiff's insistence that he did not receive a benefit is unavailing. Creditors of a Chapter 13 debtor can object to the bankruptcy court's plan and require a higher payout based on a debtor's disclosed finances. 11 U.S.C. § 1322(a)(1), (a)(4) (2012). Plaintiff received a benefit from the bankruptcy proceeding by repaying his unsecured creditors interest free over the course of five years without the possibility of default penalties. The bankruptcy court confirmed plaintiff's Chapter 13 plan. The court and his debtors accepted plaintiff's financial affairs as he presented them. By failing to disclose this cause of action, plaintiff never placed the potential $1.2 million payout from this action at risk. Plaintiff kept his creditors in the dark; they did not object to the plan because, based on the available information, plaintiff was paying what he could.

¶ 22    Plaintiff relies on *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, for the proposition that he did not succeed in his bankruptcy proceedings. It is unclear what benefit this case provides plaintiff. In *Holland*, the plaintiff filed a bankruptcy petition; the bankruptcy court confirmed his plan. *Id.* ¶ 117. His personal injury action was nonexistent at that time. *Id.* Accordingly, the court could not say that plaintiff succeeded by withholding a cause of

action that did not exist. *Id.* The plaintiff also did not take any inconsistent positions under oath. *Id.* ¶ 118. Ultimately, the reviewing court concluded that the circuit court did not abuse its discretion in declining to apply the doctrine of judicial estoppel. *Id.* ¶ 122.

¶ 23     The case at bar is factually inapposite. Plaintiff's cause of action had accrued—and plaintiff pursued it—before he declared bankruptcy. The court in *Holland* focused heavily on the fact that the plaintiff could not have accurately filed the initial bankruptcy petition by including a cause of action that did not exist. *Id.* ¶ 117. Here, plaintiff had every opportunity to properly file and correct his bankruptcy petition. He failed to do so until defendant learned of the Arizona bankruptcy action and moved for summary judgment. Plaintiff takes issue with defendant's reliance on federal case law but does not cite Illinois law to support his position or contradict the applicable federal cases. Federal courts agree that debtors succeed when the bankruptcy court confirms a Chapter 13 plan based on the purported accuracy of the debtors' schedules. *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005); *Swanigan v. Northwest Airlines, Inc.*, 718 F. Supp. 2d 917, 924 (W.D. Tenn. 2010). Without Illinois law to the contrary, we agree that a debtor succeeds when the bankruptcy court confirms a Chapter 13 plan. Therefore, the circuit court did not err in finding defendant showed all five prerequisites of judicial estoppel by clear and convincing evidence.

¶ 24     The question remains whether the court properly exercised its discretion by applying judicial estoppel to dismiss plaintiff's claim on summary judgment. *Holland*, 2013 IL App (5th) 110560, ¶ 120. Multiple factors may inform the court's decision, among them the impact of the party's action in the first proceeding and "whether there was an intent to deceive or mislead, as opposed to the prior position having been the result of inadvertence or mistake." *Seymour*, 2015 IL 118432, ¶ 47. Some courts will only apply the doctrine of judicial estoppel where there is

evidence of "deliberate" omission, "cold manipulation" or a "scheme to mislead the court." (Internal quotation marks omitted.) *Jaeger v. Clear Wing Productions, Inc.*, 465 F. Supp. 2d 879, 882 (S.D. Ill. 2006).

¶ 25        In *Seymour*, our supreme court found no evidence that the plaintiffs intended to mislead the bankruptcy court by failing to disclose a personal injury claim. *Seymour*, 2015 IL 118432, ¶ 54. The court found no basis in the record for the argument that the plaintiffs knew they should have disclosed the lawsuit. *Id.* ¶ 55. The defendant's assertion to the contrary was based on strained inferences from court documents. *Id.* ¶ 59. The court was unwilling to "*presume* that the debtors' failure to disclose was deliberate manipulation." (Emphasis in original.) *Id.* ¶ 62. Had there been "affirmative, uncontroverted evidence, that debtors *** deliberately change[d] positions according to the exigencies of the moment," the outcome would have been different. *Id.* ¶ 63.

¶ 26        The record here contains ample evidence that plaintiff's failure to disclose his personal injury claim was a deliberate attempt to mislead or deceive the bankruptcy court and his creditors, as well as the court and defendant in this case. Plaintiff testified under oath in his bankruptcy proceeding that his schedules and SOFA were an accurate and complete representation of his financial standing. He disclosed two collection actions but failed to mention this action, despite it accruing two years before he declared bankruptcy. At a deposition in the instant matter taken five days after his deposition in the bankruptcy case, plaintiff explicitly denied ever declaring bankruptcy. Plaintiff offered to settle this action for $1.2 million without disclosing it to the bankruptcy court. Plaintiff amended his bankruptcy schedules only after defendant moved for summary judgment here and after the bankruptcy court confirmed his repayment plan, including interest and penalty-free repayment of his unsecured debt. In his

disclosure, he significantly undervalued the personal injury action as compared to his demand to defendant. Also, it is not lost on us that plaintiff filed this action in Illinois and filed the bankruptcy action in Arizona. It is more than likely, in light of plaintiff's conflicting testimony in both actions, taken just five days apart, that plaintiff believed neither court would learn of the other action. No reasonable person would find these misrepresentations innocent. These facts render the instant case distinguishable from *Seymour*, wherein our supreme court found no evidence that the plaintiffs intended to deceive or mislead the bankruptcy court.

¶ 27    Under these circumstances, no reasonable person could conclude that plaintiff's inconsistencies were inadvertent. The record does not support a contrary inference, even when we draw all reasonable inferences. Moreover, plaintiff's deliberate concealment of his personal injury claim had a significant impact on the bankruptcy proceedings because a legal claim that he asserts is worth in excess of $1 million was never disclosed to his creditors. If this plaintiff can avoid judicial estoppel on these facts, litigants will have *carte blanche* to attempt to deceive the courts. Then, when caught, they can simply say, "Oh, well!" For these reasons, and because all of the prerequisites for judicial estoppel were met, the circuit court did not abuse its discretion in granting summary judgment for defendant on the basis of judicial estoppel.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 30    Affirmed.

¶ 31    JUSTICE LYTTON, specially concurring:

¶ 32    I concur only in the result of Justice Schmidt's opinion. I do not agree with the manner and tenor of its writing.

| | |
|---|---|
| **Cite as:** | *Smith v. Integrated Management Services, LLC*, 2019 IL App (3d) 180576 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 15-L-926; the Hon. Raymond E. Rossi, Judge, presiding. |
| **Attorneys for Appellant:** | Jonathan P. Crannell, of Marker & Crannell, of Naperville, for appellant. |
| **Attorneys for Appellee:** | Richard J. Turiello, of Krakar, Fanning & Olsen, of Chicago, for appellee. |