**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240082-U

Order filed May 14, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0082 Circuit No. 23-CF-1782 |
| ALEJANDRO SANCHEZ-SEGURA, | ) ) ) | Honorable David Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge concurred in the judgment.
Presiding Justice McDade specially concurred.

_____

**ORDER**

¶ 1    *Held*:  The circuit court failed to make the required findings before granting the State's petition to deny pretrial release.

¶ 2    On September 21, 2023, the defendant, Alejandro Sanchez-Segura, was charged with two counts of predatory criminal sexual assault of a child (Class X) (720 ILCS 5/11-1.40(a)(1), (b) (West 2012)) for acts occurring in 2012 and 2013. The State filed a verified petition to deny pretrial release, alleging the defendant was charged with predatory criminal sexual assault and his release

posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(5) (West 2022)). The circuit court granted the petition to detain. We vacate the order of the circuit court and remand for a new hearing.

¶ 3                                    I. BACKGROUND

¶ 4         After a hearing in October 2023, the court granted the State's petition, but indicated its displeasure with bail reform and stated,

> "this law wants me to make a determination that there's some sort of clear and convincing standard of the proof given to this Court that that case is a good case, and I've got to tell you, I'm not making that decision. I am not going to make some sort of advisory opinion and/or act like an appellate court to the Grand Jury indicting him on this case."

Defendant appealed, and this court vacated the detention order and remanded for a new hearing, finding the court was required to make a finding that the State proved each of the three propositions before granting the petition to detain, but the court refused to make a finding that the proof was evident or presumption great that defendant committed a detainable offense. *People v. Sanchez-Segura*, No. 3-23-0497 (2024) (unpublished summary order).

¶ 5         On remand another hearing was held in front of the same judge. The court made a number of statements, stating,

> "This is what the Appellate Court wants. They want me to make these findings. And quite frankly, be careful what you ask for. They can sit in Ottawa and order me to make findings and they want me to follow the bail law, so by clear and convincing evidence I may find two out of the three."

¶ 6    The court went on to say,

> "I think for my purposes, quite frankly I don't want to deal with this. The Appellate Court wants me to deal with this. And the Appellate Court has made it, quite frankly, very difficult for me to deal with certain issues regarding the management of defendants in criminal cases. They want us to make findings, specific findings that they don't want to hear."

The court continued the case for the parties to obtain more information.

¶ 7    At the next court date, the parties presented more argument to the court. Ultimately, the court granted the State's petition. In doing so, it stated, *inter alia*,

> "[T]his State has taken on an academic exercise in some sort of social justice reform. And unfortunately there are members of the third branch of government of which I am a part of that appear to be rubber stamping this endeavor and are essentially allowing for the evisceration of the powers inherent in the third branch of government and particularly in the powers of the trial court to maintain and monitor order in their courtroom and in their court proceedings.
>
> So I'm going to make the findings that they want me to make. Those findings will be as follows. I find by clear and convincing evidence that a grand jury has indicted the defendant showing that there is probable cause that exists that the defendant committed the offenses of predatory criminal sexual assault.
>
> I find by clear and convincing evidence that those are detainable offenses. I find by clear and convincing evidence that that Indictment has been returned. And that I will leave it at that.

So if someone wants to appeal this decision, perhaps the justices can then now weigh the evidence as presented here in this court and they can tell me whether or not the evidence presented as far as a real and present threat exists based upon the presentation of evidence here in this proceeding."

Defendant appeals.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant again argues the court failed to make the required findings. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 10       Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1 (a), (e).

¶ 11       Here, the court again failed to make the required findings. While the court to some extent made a finding that the proof was evident or presumption great that defendant committed a detainable offense, it failed to make any findings related to the other two propositions. Moreover, remarks the court made indicated it did not know that it had to make findings on all three

4

propositions and seemed to want the appellate court to make the finding on whether there was a real and present threat. The court signed a detention order, however, it was in conflict with the oral pronouncement, and when a court's oral and written orders conflict, the oral pronouncement controls. *Barnes v. Lolling*, 2017 IL App (3d) 150157, ¶ 23, n.8. Therefore, we vacate the order of the circuit court and remand for a new hearing on the State's petition to detain. On remand, the new detention hearing should be held in front of a different judge.

¶ 12                                    III. CONCLUSION

¶ 13        The judgment of the circuit court of County is vacated and remanded.

¶ 14        Vacated and remanded.

¶ 15        PRESIDING JUSTICE McDADE, specially concurring:

¶ 16        Some rudimentary civics principles might be helpful here. The government of the State of Illinois, like its federal counterpart, is comprised of three branches, each with separate functions. Pertinent to this case, the legislative branch makes the law, and it is the function of the judicial branch—the entirety of the judicial branch—to implement it. That is a duty we all have sworn an oath to fulfill unless and until our State supreme court, or the Supreme Court of the United States, finds it to be unconstitutional and relieves us of that obligation. It is not the appellate court that is dictating the parameters of the trial court's findings in this case; the General Assembly has determined that responsibility for all of us.

¶ 17        I agree with remand of this matter to the circuit court, but I would not reassign it to another judge. The trial court should review the statute carefully and do its job as directed therein.