NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010[*]
Decided May 14, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3772

| | |
|---|---|
| ANTHONY WILLIAMS, | Appeal from the United States District Court |
| *Plaintiff-Appellant,* | for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 4:06-CV-121-TLS |
| ROB HAINJE, | |
| *Defendant-Appellee.* | Theresa L. Springmann, |
| | *Judge*. |

**O R D E R**

Anthony Williams filed for bankruptcy without disclosing his pending civil rights suit, the subject of this appeal. Rob Hainje, the defendant in that suit, is a police officer who released a police dog that mauled Williams during an arrest. Hainje moved for summary judgment on grounds that judicial estoppel prevented Williams from prosecuting a claim that he failed to disclose to his creditors. The district court entered summary judgment in favor of Hainje. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

This suit had been pending for nearly two years when Williams filed for Chapter 13 protection in May 2008. But Williams failed to disclose the suit in his bankruptcy filings, even though in the bankruptcy court he sought relief from medical debts arising from the dog attack. Months later, without having been informed of the lawsuit, the bankruptcy court confirmed a reorganization plan that substantially reduced his debts. Two months after that, still in the dark about the suit, the bankruptcy court entered an order modifying the plan, which continued to offer debt relief.

When Hainje discovered the omission, he moved for summary judgment on judicial estoppel grounds. He argued that Williams's failure to disclose the suit precluded him from pursuing it. Williams responded by amending his personal property schedules to account for the lawsuit and then argued that judicial estoppel does not bar a chose in action if it is disclosed while the bankruptcy case was still pending.

The district court entered summary judgment in favor of Hainje. Having determined that Williams had intentionally concealed the lawsuit, the court concluded that judicial estoppel precluded him from pursuing it for his own benefit. The court noted, however, that a Chapter 13 debtor has standing to sue on behalf of the bankruptcy estate. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 474-75 (7th Cir. 1999). But because the court had no reason to believe that Williams had been doing so, the court entered summary judgment against him.

While this case was pending on appeal, Williams defaulted on his reorganization payments and his Chapter 13 case was dismissed, a fact about which we may take judicial notice. *In re Consol. Indus. Corp.*, 397 F.3d 524, 527 (7th Cir. 2005). The dismissal means that, on appeal, Williams is pursuing this action on his own behalf, as the bankruptcy estate no longer exists.

On appeal Williams contends that the district court erred in judicially estopping him from pursuing the claim for himself because his omission was inadvertent and the result of bad legal advice. Although judicial estoppel is a matter of discretion, pure questions of law receive plenary review, *see Commonwealth Ins. Co. V. Titan Tire Corp.*, 398 F.3d 879, 887 (7th Cir. 2004), and factual determinations are reviewed for clear error, *see Robinson v. Tyson Foods*, 595 F.3d 1269, 1273 (11th Cir. 2010); *United States v. Are*, 590 F.3d 499, 504 (7th Cir. 2009).

The district court's use of judicial estoppel was not an abuse of discretion. Broadly speaking, judicial estoppel precludes a party from abandoning positions after they have prevailed on them in earlier litigation. *Zedner v. United States*, 547 U.S. 489, 504 (2006);

*Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004). In the bankruptcy setting, a debtor who receives a discharge by concealing the existence of a chose in action cannot wait until the bankruptcy ends and then pursue the claim. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Williams never received a discharge because the bankruptcy court eventually dismissed his case, and in that respect his case differs from *Cannon-Stokes.* The difference, however, is immaterial. Williams still received significant financial benefits during his short stint in bankruptcy. His filing, for instance, triggered the automatic stay, *see* 11 U.S.C. § 362, holding creditors at bay for some 20 months and thereby enabling him to keep his house and car, and to avoid new interest charges on his mortgage arrearage while he pursued his undisclosed civil-rights suit. In the meantime, the bankruptcy court confirmed a reorganization plan that temporarily relieved Williams of most of his debts without further interest or penalty.

Williams's debts may not have been permanently wiped away, but a debtor who receives even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future. *See Krystal Cadillac-Oldsmobile GMC Truck v. General Motors, Corp.*, 337 F.3d 314, 319 n.6 (3d Cir. 2003)(affirming the application of judicial estoppel to an undischarged debtor); *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999); *Oneida Motor Freight, Inc., v. United Jersey Bank*, 848 F.2d 414, 415 (3d Cir. 1988); *see also Carnegie*, 376 F.3d at 660 (judicial estoppel applies where party received temporary benefit of an approved class settlement); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 784 (9th Cir. 2001)(judicial estoppel was appropriate even though the debtor's discharge had been vacated). To hold otherwise would give debtors an incentive to game the bankruptcy system. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007); *Krystal Cadillac-Oldsmobile GMC Truck*, 337 F.3d at 325. Debtors could take a wait-and-see approach to disclosure by prosecuting an undisclosed claim while waiting to see how favorably the bankruptcy proceeding unfolds before discharge. That approach would undermine both the primary aim of judicial estoppel, which is to protect the integrity of the judicial process, *see New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 412-13 (7th Cir. 2006); *Carnegie*, 376 F.3d at 660, and the bankruptcy law's goal of unearthing all assets for the benefit of creditors.

Williams's argument that his omission was inadvertent is unavailing. He pleads ignorance, claiming he did not intend to conceal the lawsuit. His bankruptcy counsel, he says further, knew about the civil-rights suit, and his counsel in the civil-rights suit knew about the bankruptcy case. The Supreme Court has indeed recognized that judicial estoppel may be inappropriate where there is evidence that nondisclosure was inadvertent. *New Hampshire*, 532 U.S. at 753. But here the district court did not clearly err in finding that the

evidence suggests the opposite. When Williams filed for bankruptcy, his suit against Hainje was active and well into discovery. He failed to disclose the potentially lucrative claim twice, both times by personally signing incomplete disclosure declarations under penalty of perjury. His civil-rights suit was on his mind as he prepared those disclosures because he reported as unsecured debt the medical expenses that he allegedly incurred from the underlying injury. From those facts, the district court reasonably inferred that Williams made a knowing misrepresentation. *See Eastman*, 493 F.3d at 1157; *Cannon-Stokes*, 453 F.3d at 448. And blaming his lawyers' advice for his own incomplete disclosure is legally unavailing. *Cannon-Stokes*, 453 F.3d at 448-49.

Accordingly, we AFFIRM the judgment of the district court.