*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JOHN ZWIACHER, | ) |
| | ) Supreme Court No. S-17259 |
| Petitioner, | ) |
| | ) Superior Court No. 3PA-11-02469 CI |
| v. | ) |
| | ) O P I N I O N |
| CAPSTONE FAMILY MEDICAL | ) |
| CLINIC, LLC, | ) No. 7493 – December 4, 2020 |
| | ) |
| Respondent. | ) |
| | ) |

Petition for Hearing from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge, on appeal from the District Court of the State of Alaska, Palmer, William L. Estelle, Judge.

Appearances: John Zwiacher, pro se, Greenlake, Wisconsin, Petitioner. Eric Conard, Palmer, for Respondent.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

MAASSEN, Justice.
CARNEY, Justice, dissenting.

## I. INTRODUCTION

The district court entered a default judgment against a litigant in a dispute over real property improvements and rent. Following a levy on his bank account, the litigant moved for relief from the default judgment, attesting that he had stopped

participating in the lawsuit because he believed it was about to be dismissed. The district court denied the motion, but on appeal the superior court reversed on procedural grounds. On remand the litigant amended his answer to assert a counterclaim for conversion of personal property; the counterclaim would be time-barred unless allowed to relate back to the date of the litigant's original answer. The district court held that the litigant was judicially estopped from pursuing the counterclaim because it was contradictory for him to assert it after attesting that he believed for years that the case against him had been dismissed. The superior court affirmed this decision.

We granted a petition for hearing on one issue: whether judicial estoppel bars the conversion counterclaim. We conclude that the litigant's two positions — his asserted belief that the case had been dismissed and his later assertion of a counterclaim — are not clearly inconsistent and that the judicial estoppel doctrine therefore is inapplicable. We reverse the superior court's decision affirming the district court's judgment on this issue and remand to the district court for further proceedings on the counterclaim.

## II.     BACKGROUND

This case arises from a property dispute between John Zwiacher, M.D., and Capstone Family Medical Clinic, LLC, a medical real estate company. Dr. Zwiacher and Capstone's owner were friends and business partners; together they made a long-term plan by which Capstone would lease or sublease two medical facilities to Dr. Zwiacher, one for an endoscopy surgical practice and another for a medical office. The two suites were designed and built out to Dr. Zwiacher's specifications. He purchased endoscopy equipment and had it delivered to the surgical suite.

Notwithstanding Dr. Zwiacher's involvement in these phases of the project, he did not pay rent or pay for any completed construction work. In September 2011

Capstone served Dr. Zwiacher with notices to quit for both locations; they went unanswered. In early October 2011 Capstone filed a forcible entry and detainer action.

Dr. Zwiacher, initially represented by counsel, answered the complaint and participated in legal proceedings that included a possession hearing in 2011, at which the parties agreed he would not occupy the medical suites. Dr. Zwiacher's attorney withdrew in June 2012, after which Dr. Zwiacher no longer participated in the case. In March 2013 the court found that he was "willfully disregarding" the case and entered a default judgment against him for nearly $92,000.

Over a year later, in May 2014, Capstone executed on Dr. Zwiacher's bank account and recovered over $36,000. Dr. Zwiacher retained new counsel and filed a motion for reconsideration and relief from the judgment under Alaska Civil Rule 60(b). Attached to the motion was Dr. Zwiacher's affidavit — important to the question presented here — in which he attested:

> Until I received the recent Court documents indicating that money was being taken out of bank accounts to which I am a signatory, I had no notice that a judgment had been entered against me. I assumed (albeit wrongly) that the case had been dismissed, because Capstone and I *never* entered an agreement (written or otherwise) regarding the lease of the properties. I also never occupied either of the properties. It came as a total shock that the Court had entered a judgment against me for more than $90,000, for a lease that did not exist!

> At the beginning of the case, I was aware that . . . a hearing had been conducted, and that my attorney had agreed that Capstone was entitled to the possession of the Premises. After this hearing, I assumed that the case was going to be dismissed. [Emphasis in original.]

Dr. Zwiacher further attested that although he did not dispute "that the court and/or [Capstone's counsel] may have sent documents to [his] office requesting that [he] respond to discovery requests[,] . . . [he] did not actually receive these documents."

The district court denied Dr. Zwiacher's motion for relief from the default judgment. He appealed to the superior court, which determined that he had not received adequate notice prior to default and reversed on this procedural ground.

On remand the district court allowed Dr. Zwiacher to amend his answer to include a counterclaim alleging conversion for medical equipment he had purchased and left in the surgical suite. The parties agreed that by the time of the amendment in 2016, the two-year statute of limitations had run on the conversion claim,[1] and it was viable only if it related back to the time of Dr. Zwiacher's 2011 answer.[2]

The district court held a three-day bench trial in December 2016, after which it entered a very detailed order addressing the parties' competing claims for damages. The court found that Dr. Zwiacher breached his agreement to occupy and pay for the two medical suites and owed damages to Capstone as a result. As for Dr. Zwiacher's conversion counterclaim, the court found that he was judicially estopped from asserting it because it was inconsistent with the position he asserted when seeking relief from the default judgment — that he thought the case was going to be dismissed

---

[1]     AS 09.10.070(a)(3) ("Except as otherwise provided by law, a person may not bring an action . . . for taking, detaining, or injuring personal property . . . unless the action is commenced within two years of the accrual of the cause of action.").

[2]     *See* Alaska R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which . . . the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."); Alaska R. Civ. P. 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading.").

following the possession hearing in 2011. The court observed that had Dr. Zwiacher truly believed the case was over, then — knowing that his equipment remained in Capstone's possession — he could have "take[n] action to pursue his remedies through his own civil action." The court concluded that allowing Dr. Zwiacher's conversion counterclaim to proceed would let him unfairly "disavow the position" he took in his affidavit.

On a second appeal, the superior court affirmed the district court's application of judicial estoppel to Dr. Zwiacher's counterclaim. The superior court agreed that Dr. Zwiacher's positions were contradictory and amounted to a fraud on the court because he was "contemporaneously pursuing two opposite legal positions in 2012." The superior court explained:

> In sum, if Dr. Zwiacher believed that the case was dismissed in 2012, then he failed to file an independent action for conversion in a timely manner and is now barred by the statute of limitations. If [he] believed that he had a compulsory counterclaim for conversion in 2012, then he committed perjury in his affidavit when he told the court that he believed the case was dismissed.

Dr. Zwiacher petitioned this court for hearing. We granted his petition on the issue of whether judicial estoppel barred his counterclaim.[3]

## III. STANDARD OF REVIEW

We review the district court order directly.[4] Dr. Zwiacher argues that determining whether judicial estoppel applies is a matter of law that we should review de novo, whereas Capstone argues for an abuse of discretion standard. As explained

---

[3] *Zwiacher v. Capstone Family Med. Clinic, LLC*, No. S-17259 (Alaska Supreme Court Order, March 1, 2019).

[4] *Ray v. Draeger*, 353 P.3d 806, 810 (Alaska 2015).

below, we review de novo a court's determination that a litigant is taking two clearly inconsistent positions; then, if necessary, we review the court's application of judicial estoppel for an abuse of discretion.

## IV. DISCUSSION

### A. The Judicial Estoppel Doctrine Applies Only When A Party Has Asserted Two "Clearly Inconsistent" Positions; Whether A Party Has Done So Is A Question Of Law.

Judicial estoppel is a discretionary, equitable doctrine used to prevent parties from playing "fast and loose"[5] with the judicial system. "Judicial estoppel bars 'a party from contradicting previous declarations made during the same or an earlier proceeding if the change in position would adversely affect the proceedings or constitute a fraud on the court.' "[6]

In *New Hampshire v. Maine* the United States Supreme Court identified three factors that can help a court decide whether to apply the judicial estoppel doctrine:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determination," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking

---

[5] *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Scarano v. Cent. R.R. Co.*, 203 F.2d 510, 513 (3d Cir.1953)); *Hampton Tree Farms, Inc. v. Jewett*, 892 P.2d 683, 689-90 (Or. 1995) (quoting *Sandstrom v. ChemLawn Corp.*, 904 F.3d 83, 87-88 (1st Cir. 1990)).

[6] *Bruce L. v. W.E.*, 247 P.3d 966, 976 n.37 (Alaska 2011) (quoting *Judicial Estoppel*, BLACK'S LAW DICTIONARY 631 (9th ed. 2009)).

to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[7]

The Court cautioned that it was not intending to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts."[8] In the case before it, the Court applied judicial estoppel to prevent New Hampshire from arguing that its boundary with Maine ran along the shoreline of the Piscataqua River, because 25 years earlier New Hampshire had agreed in a consent decree that the boundary was in the "Middle of the River"; the two positions were "clearly inconsistent."[9]

Despite the Court's emphasis on the case-specific nature of judicial estoppel, some federal circuit courts "tend to apply the three [*New Hampshire*] factors rigidly — as a three-part test."[10] Other courts have emphasized one factor over another, with some requiring the party asserting the contradictory statement to have had previous

---

[7] *New Hampshire*, 532 U.S. at 750 (citations omitted).

[8] *Id.* at 751.

[9] *Id.* at 751, 755.

[10] Nicole C. Frazer, Note, *Reassessing the Doctrine of Judicial Estoppel: The Implications of the Judicial Integrity Rationale*, 101 VA. L. REV. 1501, 1506-07 (2015) (attributing rigid approach to U.S. Courts of Appeals for Second, Eighth, Ninth, Tenth, and D.C. Circuits).

success with its initial position[11] or to be changing its position in bad faith.[12]

We have yet to review, in a published opinion, a trial court's application of judicial estoppel.[13] In a few cases we have declined to employ the doctrine because the declarations being compared were not contradictory.[14] We have mentioned the doctrine briefly other times without needing to explore its parameters.[15] As the doctrine's application is now squarely before us, we take the opportunity to approve the flexible three-factor approach of *New Hampshire* and to clarify our appellate standard of review.

Whether two positions are actually contradictory is a question of law which we consider using our independent judgment. This is the approach we take with other

---

[11] *See, e.g.*, *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010) ("Broadly speaking, judicial estoppel precludes a party from abandoning positions after they have prevailed on them in earlier litigation.").

[12] *See, e.g.*, *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1185-86 (11th Cir. 2017) (clarifying in bankruptcy case that court should look to all circumstances before applying judicial estoppel only to those cases where "a plaintiff intended to mislead the court").

[13] *See Hymes v. DeRamus,* No. S-15342, 2016 WL 482627, at *3 (Alaska Feb. 3, 2016) (finding "no flaw" in superior court's decision to grant motion for summary judgment on judicial estoppel grounds but affirming on other grounds).

[14] *See Brooks v. Hollaar*, 297 P.3d 125, 130 (Alaska 2013) (concluding that litigant's "position was . . . consistent throughout" on whether promissory estoppel claim was to be decided by judge or jury because "counsel never made a 'declaration,' later contradicted, that could form the basis for judicial estoppel"); *Simpson v. Murkowski*, 129 P.3d 435, 443 n.27 (Alaska 2006) (concluding that State's positions in successive cases on whether residents had contractual rights to longevity bonuses were not in fact contradictory and it was therefore unnecessary to address judicial estoppel).

[15] *See Hymes,* No. S-15342, 2016 WL 482627, at *3; *Bruce L. v. W.E.*, 247 P.3d 966, 976 & n.37 (Alaska 2011) (characterizing previous case as applying "judicial estoppel or waiver rather than judicial admission").

estoppel doctrines: "The applicability of estoppel principles to a particular set of facts is a legal question over which we exercise independent review."[16] But once the doctrine's applicability to a set of facts has been confirmed — that is, we have decided that the asserted declarations of position are indeed contradictory — we review for an abuse of discretion the trial court's decision whether the doctrine should be applied.[17] "We will reverse the trial court's decision only if we determine that the decision is arbitrary, capricious, or manifestly unreasonable or . . . stems from an improper motive."[18] This approach preserves the trial court's discretion in deciding whether to use the doctrine.[19]

## B.   Dr. Zwiacher's Counterclaim And Affidavit Were Not Clearly Inconsistent.

The district court found it contradictory for Dr. Zwiacher to contend that he had believed the case to be over when seeking relief from the default judgment, then later assert a counterclaim that had existed from the case's outset. Dr. Zwiacher argues that his positions are not inconsistent because there are many reasons "why a person may

---

[16]   *Powers v. United Servs. Auto. Ass'n*, 6 P.3d 294, 297 (Alaska 2000) (reviewing de novo superior court's decision not to apply collateral estoppel). However, in quasi-estoppel situations, a determination of the "existence of facts and circumstances making the assertion of an inconsistent position unconscionable" is a factual determination reviewed under the clearly erroneous standard. *Jamison v. Consol. Utils., Inc.*, 576 P.2d 97, 102 (Alaska 1978).

[17]   *See, e.g.*, *Andrea C. v. Marcus K.*, 355 P.3d 521, 526 (Alaska 2015) ("[W]e review the decision to apply collateral estoppel when its technical requirements are otherwise satisfied for abuse of discretion." (citation omitted)).

[18]   *Roman v. Karren*, 461 P.3d 1252, 1256 (Alaska 2020).

[19]   *Marshall v. Honeywell Tech. Sys. Inc.*, 828 F.3d 923, 928 (D.C. Cir. 2016) ("De novo review would displace the discretion of the district court to apply judicial estoppel with the discretion of the appellate court to do so. We see no sense in this.").

choose to not immediately file a counterclaim," including the fact that "litigants routinely decide to drop or not pursue actions if the opposing side dismisses its action."

Capstone argues in response that the district court's decision to apply judicial estoppel should be viewed in light of the court's observations about Dr. Zwiacher's credibility. The court found, for example, that Dr. Zwiacher "was inconsistent in his recall of events," particularly those unfavorable to his position, and that this "broad lack of recall . . . undermine[d] the weight and effect of his testimony and erode[d] his credibility generally." The court found his claim that he thought the case was going to be dismissed "not believable." The court concluded that "[h]is trial testimony of not being able to recall his receipt of U.S. mail, or email, [was] simply a way to avoid conceding that he misrepresented the reasons for failing to participate in the case." In the district court's opinion, Dr. Zwiacher's decision to file the counterclaim in 2016 was wholly inconsistent with his belief that the case had concluded years earlier because he "simply had no feasible explanation as to why, if he believed the case to be dismissed, shortly after the October 20, 2011 [hearing], he did not engage in some process to retrieve the equipment."

But we conclude that Dr. Zwiacher's positions fail to meet the legal threshold for the applicability of the judicial estoppel doctrine: they were not clearly inconsistent. In Dr. Zwiacher's 2014 affidavit he attested to his belief "that the case had been dismissed" and his later "total shock" to learn "that the Court had entered a judgment against [him] for more than $90,000." It is reasonable for a litigant to abandon a potential counterclaim in the context of an early dismissal of the case that results in no financial exposure. And it is equally reasonable for a litigant to *assert* a counterclaim when the litigant realizes that the case, rather than being dismissed, is being pursued to a potentially large adverse judgment. Because these positions are not clearly inconsistent

as a matter of law, the judicial estoppel doctrine was inapplicable, and we need not consider the other elements of the *New Hampshire* test.

## V.   CONCLUSION

We REVERSE the superior court's affirmance of the district court's decision that Dr. Zwiacher's conversion counterclaim is barred by judicial estoppel and REMAND to the district court for further proceedings consistent with this opinion.

CARNEY, Justice, dissenting.

I agree with the court's analysis of the doctrine of judicial estoppel. But because I agree with the superior court's conclusion that the district court correctly determined the doctrine applied to bar Dr. Zwiacher's counterclaim, I dissent.

I am persuaded by the superior court's explanation:

> In sum, if Dr. Zwiacher believed that the case was dismissed in 2012, then he failed to file an independent action for conversion in a timely manner and is now barred by the statute of limitations. If Dr. Zwiacher believed that he had a compulsory counterclaim for conversion in 2012, then he committed perjury in his affidavit when he told the court that he believed the case was dismissed.