2021 IL App (1st) 200818
No. 1-20-0818
Opinion filed December 27, 2021

FIRST DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DARRIUS DUNIVER, | ) | Appeal from the Circuit Court |
| | ) | Of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 2019 L 000546 |
| v. | ) | |
| | ) | The Honorable |
| CLARK MATERIAL HANDLING COMPANY; | ) | Kathy M. Flanagan |
| BATTERY HANDLING SYSTEMS, INC.; | ) | Judge Presiding. |
| EQUIPMENT DEPOT OF ILLINOIS, INC.; | ) | |
| and NEOVIA LOGISTICS SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justice Pucinski and Justice Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Darius Duniver filed a personal injury action against Clark Material Handling

Company (Clark), Battery Handling Systems, Inc. (Battery Handling Systems), Equipment

Depot of Illinois, Inc. (EDI), and Neovia Logistics Services, LLC (Neovia) (collectively,

"Defendants"). The circuit court entered summary judgment in favor of defendants, finding

Duniver was judicially estopped and lacked standing to bring his claim because he failed to disclose his personal injury action to the bankruptcy court. Duniver appeals, arguing the circuit court erred in granting summary judgment. We find that Duniver received no significant benefit in the bankruptcy proceedings, he did not deliberately fail to disclose his personal injury claim to the bankruptcy court, and judicial estoppel is not warranted. Therefore, we reverse the circuit court's judgment and remand for further proceedings.

¶ 2                                               I. BACKGROUND

¶ 3        On July 30, 2017, Duniver was injured during his employment, resulting in the loss of his leg. While working on a forklift recently modified with changed batteries by Battery Handling Systems, Duniver alleged that his forklift suddenly reversed directions. He attempted to stop the forklift but claimed the forklift did not have a functioning emergency stop button. On January 16, 2019, Duniver filed a personal injury lawsuit against defendants in the circuit court of Cook County.

¶ 4        On February 8, 2019, Duniver filed for voluntary Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. One of the forms he was required to complete asked if he had any claims against third parties, regardless of whether he pursued legal action. Duniver responded, "No." Another schedule asked if there were any "Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims." Duniver marked "Yes" and described the claim as "Darrius Duniver Workman's Comp Desparti Law Group Rommiumicci & Blanch v." Duniver's statement of financial affairs required him to list all lawsuits and court actions to which he was a party. He disclosed a collection action but did not include this personal injury action.

¶ 5 On March 14, 2019, Duniver testified under oath in the bankruptcy proceeding, and confirmed that the petition and schedules were accurate and complete. When asked whether he was suing anyone, Duniver said "no." On July 24, 2019, the bankruptcy court entered an order that confirmed Duniver's Chapter 13 plan.

¶ 6 On September 10, 2019, Neovia moved for summary judgment in the personal injury suit. Neovia claimed Duniver's personal injury suit was barred by judicial estoppel, and he lacked standing under Illinois law because his personal injury claim was required to be brought by the bankruptcy estate. Clark, Battery Handling Systems, and EDI joined in the motion. In response, Duniver argued that he relied on his bankruptcy counsel to inform him of any inaccuracies and judicial estoppel was inapplicable because his failure to disclose the personal injury action was inadvertent.

¶ 7 On January 22, 2020, Duniver amended his Chapter 13 bankruptcy forms to include his personal injury lawsuit. On February 19, 2020, the bankruptcy court dismissed Duniver's bankruptcy case for failure to make confirmed plan payments.

¶ 8 The circuit court granted the defendants' motion for summary judgment on February 24, 2020. The circuit court found the elements of judicial estoppel were satisfied, and Duniver intentionally deceived the trustee in the bankruptcy proceeding.

¶ 9 Duniver filed a motion to reconsider the summary judgment ruling on March 24, 2020, and the motion was denied. Duniver filed a timely notice of appeal.

¶ 10 II. ANALYSIS

¶ 11 On appeal, Duniver argues judicial estoppel was inappropriate because defendants did not prove by clear and convincing evidence that his failure to list the personal injury claim resulted from an intention to deceive the bankruptcy court and the court erred in granting summary

judgment. Duniver asks this court to reverse the circuit court's grant of summary judgment and remand for further proceedings.

¶ 12        We traditionally review the circuit court's discretionary rulings for an abuse of discretion, but where the circuit court's ruling on judicial estoppel terminates the litigation, our review is *de novo*. *Seymour v. Collins*, 2015 IL 118432, ¶¶ 48-49. This matter was resolved in the circuit court pursuant to summary judgment, and we review a circuit court's entry of summary judgment *de novo*. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 14. *De novo* review is without deference to the trial court's judgment or reasoning." *People v. Randall*, 2016 IL App (1st) 143371, ¶ 44. Summary judgment is appropriate if no material fact is in dispute, if reasonable persons could not draw differing "inferences from the undisputed material facts," and if reasonable persons could not "differ on the weight to be given the relevant factors of a legal standard." (Internal quotation marks omitted.) *Seymour*, 2015 IL 118432, ¶ 42. In reviewing an order granting summary judgment, we strictly construe the record against the movant and view it in favor of the nonmoving party. *Id.* ¶ 49. Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt. *Id.*

¶ 13        The doctrine of judicial estoppel prevents a party from taking contradictory positions in separate judicial proceedings. *Moy v. Ng*, 371 Ill. App. 3d 957, 962 (2007). Judicial estoppel aims "to protect the integrity of the judicial process, [citation], by prohibiting parties from deliberately changing positions according to the exigencies of the moment." (Internal quotation marks omitted.) *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). Our supreme court has identified the prerequisites to determine whether judicial estoppel applies. *Seymour*, 2015 IL 118432, ¶ 37. The party to be estopped must have "(1) taken two positions, (2) that are

factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it." *Id.* We review these factors *de novo*. *Id.* ¶ 49.

¶ 14    If all prerequisites have been established, the court must then determine whether judicial estoppel should be applied. *Id.* Multiple factors may affect that decision, including the significance or impact of the party's action in the first proceeding and "whether there was an intent to deceive or mislead, as opposed to the prior position having been the result of inadvertence or mistake." *Id.*

¶ 15    As a preliminary matter, defendants argue in the alternative that Duniver lacked standing to pursue his personal injury lawsuit in his own name. Defendants contend that because Duniver's bankruptcy case was dismissed, he can no longer request permission from the bankruptcy court to pursue his personal injury lawsuit on behalf of his estate. In response, Duniver claims the circuit court already established he has standing. The circuit court entered a memorandum opinion on February 24, 2020, acknowledging that Duniver could still obtain permission from the bankruptcy court but found that it would be "futile in light of the ruling with regard to judicial estoppel." In similar cases, we have found that standing can revest in the debtor when the bankruptcy trustee abandons the personal injury claim. See *Johnson v. Fuller Family Holdings, LLC*, 2017 IL App (1st) 162130, ¶ 29; *Board of Managers of the 1120 Club Condominium Ass'n v. 1120 Club, LLC*, 2016 IL App (1st) 143849, ¶ 42. Here, the bankruptcy trustee did not abandon the personal injury claim; Duniver's bankruptcy was dismissed. The dismissal of Duniver's Chapter 13 bankruptcy, in effect, revested his standing. Therefore, we find that Duniver had standing to pursue his personal injury claim.

¶ 16    We must next determine whether judicial estoppel supported the grant of summary judgment. The dispositive issue in this case is whether the plaintiff intentionally failed to disclose his personal injury claim to the bankruptcy court, but we first examine the five elements of judicial estoppel to determine whether there is clear and convincing evidence to support its application. *Davis v. Pace Suburban Bus Division of the Regional Transportation Authority*, 2021 IL App (1st) 200519, ¶ 39. Duniver does not dispute that his actions satisfy four of the five elements. Duniver satisfied the first and second elements by taking two factually inconsistent positions when he made the attestation that he had no claims against third parties during his bankruptcy proceeding. Duniver satisfied the third element by taking opposing positions in the bankruptcy proceeding and the personal injury proceeding. He satisfied the fourth element because he intended for the courts in both proceedings to accept the truths of the facts alleged.

¶ 17    Duniver maintains that the circuit court erred applying judicial estoppel because: (1) the final element was not satisfied and he did not receive any benefit, (2) defendants did not prove an intent to deceive by clear and convincing evidence, and (3) the circuit court applied the wrong burden of proof in finding the fifth prerequisite was satisfied. Defendants argue that Duniver failed to preserve the argument that he received no benefit from nondisclosure because he did not raise the argument in his brief in opposition to the motion for summary judgment and that, even if the argument is preserved, the circuit court did not err in finding Duniver benefitted from nondisclosure.

¶ 18    Duniver did not raise the benefit argument until he filed his motion to reconsider. Arguments raised for the first time in a motion for reconsideration in the circuit court are waived on appeal. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 130 (2008). Accordingly, Duniver

has forfeited this issue. However, forfeiture of issues on appeal is a limitation on the parties and not on the appellate court; as such, the court can overlook forfeiture and address an issue when it is necessary to obtain a just result or to maintain a sound body of precedent. *Village of New Athens v. Smith*, 2021 IL App (5th) 200257, ¶ 22 (citing *Jill Knowles Enterprises, Inc. v. Dunkin*, 2017 IL App (2d) 160811, ¶ 22). We choose to overlook forfeiture because it is necessary to obtain a just result in this case.

¶ 19    Duniver argues that he did not benefit from the factually inconsistent positions because he never received a discharge of debt. Defendants argue that Duniver benefited from an automatic stay. In support of their argument, defendants cite the Seventh Circuit's decision in *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010). In *Williams*, the plaintiff filed for bankruptcy without disclosing his pending civil rights suit. Defendants filed a motion for summary judgment arguing that the plaintiff was judicially estopped for failing to disclose his claim to creditors. The Seventh Circuit found that while the plaintiff's Chapter 13 bankruptcy was dismissed without a discharge, he benefited from an automatic stay. Duniver insists that the facts here are distinguishable from *Williams* because "there were or would have been collection proceedings absent the stay" in those cases. Duniver maintains he was unable to work due to his missing leg, that no creditor was likely to pursue collection of a debt, and that, even if one had, it would not have received payment. In reaching its decision in *Williams*, the Seventh Circuit emphasized that the assets were shielded from creditors for 20 months before being dismissed. *Id.* Unlike the plaintiff in *Williams*, Duniver's bankruptcy was dismissed after only 11 months.

¶ 20    This court has previously held that a party derives some benefit when debt is discharged. See *Barnes v. Lolling*, 2017 IL App (3d) 150157, ¶ 22 (finding the plaintiff "received a benefit"

from failing to disclose a personal injury claim "by having more than $92,000 of her unsecured debt discharged in bankruptcy without having to increase her payments to her creditors in light of the claim"); *Shoup v. Gore*, 2014 IL App (4th) 130911, ¶ 13 (finding "the plaintiff received a benefit by having her debts discharged without the creditors knowing of her potential recovery in state court"). Here, Duniver had none of his debt discharged, and his Chapter 13 plan was dismissed for failure to make payments. Therefore, he received no benefit. See *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶ 122 (finding plaintiff "did not benefit from the nondisclosure because the bankruptcy court dismissed his chapter 13 plan for failure to make the plan's required payments"). Hence, judicial estoppel does not apply.

¶ 21    Although we find judicial estoppel inapplicable, we will address Duniver's claim that defendants did not prove his intent to deceive. If all elements of judicial estoppel had been proven, we would exercise our discretion in determining whether to apply the doctrine. *Seymour*, 2015 IL 118432, ¶ 47. We may consider the significance of plaintiff's benefit in the first proceeding. *Id.* Our supreme court has found that the dispositive issue is whether the plaintiff deliberately failed to disclose his personal injury claim to the bankruptcy court, and in *Seymour*, the supreme court found no evidence that plaintiffs intended to mislead the court by failing to disclose a personal injury claim. *Id.* ¶ 54. The court was unwilling to "presume that the debtors' failure to disclose was deliberate manipulation." (Emphasis omitted.) *Id.* ¶ 62. If the debtor "deliberately change[d] positions according to the exigencies of the moment," summary judgment would have been appropriate. *Id.* ¶ 63.

¶ 22    Here, Duniver contends that his failure to disclose was inadvertent. To support his claim, Duniver argues the extensive bankruptcy forms he completed were the source of his mistake.

He also argues that the trustee should have recognized he was suing someone because the worker's compensation claim was disclosed that he had "other contingent and unliquidated claims of every nature." Relying on the trustee's failure to acknowledge this inconsistency, Duniver insists his answers in the petition "did not represent an intent to deceive but rather reflect that no one put emphasis on this suit's importance."

¶ 23 In response, defendants contend that Duniver's amended schedule does not show inadvertence because a "pattern of being asked to disclose but failing to disclose" does not amount to inadvertence. Defendants argue Duniver's signing of the bankruptcy petition supports their claim of deception, and by signing the bankruptcy petition, Duniver's argument that he was confused by the length of the petition holds no merit. Duniver counters by contending he relied on his bankruptcy counsel to file accurate schedules.

¶ 24 Viewing the evidence in a light most favorable to Duniver, we find that the evidence presented fails to show an intent to deceive or mislead. Following our supreme court's decision in *Seymour*, we find that Duniver did not deliberately fail to disclose his personal injury claim to the bankruptcy court. The application of judicial estoppel "should not be used where to do so would result in an injustice." *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 259 Ill. App. 3d 836, 851 (1994). Therefore, as our supreme court did in *Seymour*, we find that judicial estoppel is not warranted.

¶ 25                                     III. CONCLUSION

¶ 26 For the forgoing reasons, we reverse the grant of summary judgment entered in favor of defendants because Duniver did not receive a significant benefit in the bankruptcy proceedings, he did not deliberately fail to disclose his personal injury claim to the bankruptcy court, and judicial estoppel is not warranted. We remand the cause for further proceedings.

¶ 27        Reversed and remanded.

| | |
|---|---|
| **Cite as:** | *Duniver v. Clark Material Handling Co.*, 2021 IL App (1st) 200818 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2019-L-000546; the Hon. Kathy M. Flanagan, Judge, presiding. |
| **Attorneys for Appellant:** | Michael Rathsack, Michael R. Grieco, and Michael E. Holden, all of Chicago, for appellant. |
| **Attorneys for Appellee:** | Julie A. Teuscher and Christopher Cassidy, of Cassiday Schade LLP, Kurt E. Olsen, of Krakar & Olsen, Brian W. Bell, Michael A. McCaskey, and Catherine B. Weiler, of Swanson, Martin & Bell, LLP, and Michael E. Kujawa and Deborah A. Ostvig, of Schain, Banks, Kenny & Schwartz, Ltd., all of Chicago, for appellees. |