2024 IL App (1st) 230566

SECOND DIVISION
September 30, 2024

No. 1-23-0566

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of Cook County, Criminal Division. |
| v. | ) ) | |
| GREGORY DOBBINS, | ) ) | No. 08 CR 11379(01) |
| Defendant | ) ) | Hon. Erica L. Reddick, Judge Presiding. |
| (Katrina Dobbins, as Administrator of the Estate of Gregory Dobbins, Appellant). | ) ) ) | |

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Van Tine and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1    Gregory Dobbins was convicted of possession of a controlled substance in 2009. His conviction was vacated after it was discovered, years later, that the police officers involved had framed him (along with hundreds of others) for a crime he did not commit. Gregory filed a petition for a Certificate of Innocence (COI) but died before a ruling on the petition. Katrina Crawford, Gregory's life partner and mother of his child, was appointed administrator of his estate. The estate moved to substitute into the COI proceedings.

¶ 2    The circuit court denied the motion and dismissed the COI petition. The estate appeals, arguing that the COI action survived Gregory's death under the Illinois Survival Act.

No. 1-23-0566

¶ 3       As much as we would prefer to rule otherwise, we agree with the State that the COI action does not survive Gregory's death under the Survival Act's plain language We thus affirm the circuit court's judgment.

¶ 4                                        BACKGROUND

¶ 5        In 2009, Gregory Dobbins was incarcerated for 30 months after he pleaded guilty to unlawful possession of a controlled substance. Two officers involved in the arrest, former Chicago Police Sergeant Ronald Watts and former Chicago Police Officer Kallett Mohammed, were arrested in 2012 for their involvement in a criminal conspiracy involving drug trafficking in the Ida B. Wells Homes. Among other things, Sergeant Watts and his tactical team framed numerous innocent people, including Gregory, resulting in over 200 overturned convictions in what amounted to one of the most momentous examples of police corruption in Chicago history.

¶ 6       In April 2022, a decade after this large-scale police corruption came to light, the circuit court vacated Gregory's conviction. That May, Gregory filed a petition for a COI, which was scheduled to be heard on June 22, along with other Watts-related exonerees' petitions. Unfortunately, Dobbins died before that June 22 hearing. The circuit court granted the other Watts exonerees' petitions but continued Gregory's case to allow his estate to be opened.

¶ 7       Katrina Crawford was appointed to serve as the independent administrator for the Estate of Gregory Dobbins. Crawford had a child with Gregory and was his domestic partner from his arrest until his death. The estate filed a motion to substitute as petitioner in the COI proceedings. See 735 ILCS 5/2-1008(b) (West 2022).

¶ 8       The State objected to the substitution, relying on this court's earlier decision in *Rudy v. People*, 2013 IL App (1st) 113449. In *Rudy*, this court held that the COI statute did not permit the estate of a wrongly convicted individual to seek the certificate; the COI was "personal to the

individual who was wrongly convicted rather than to one suing on his or her behalf." *Id.* ¶ 13. Just as the estate in *Rudy* could not obtain a COI there, argued the State, likewise Gregory's estate here was not entitled to seek a COI.

¶ 9 The estate tried to distinguish *Rudy*, as the wrongly convicted individual in that case had not filed a petition for a COI before her death. Here, in contrast, Gregory had already filed his petition before his death, so the estate was not asking the court to allow a new COI action to be initiated but to allow an existing matter to survive the petitioner's death. The circuit court found that *Rudy* applied as a matter of precedent and was "not a matter of discretion at all." The court thus denied the motion to substitute and dismissed the COI petition.

¶ 10                                                   ANALYSIS

¶ 11 The estate claims the circuit court erred in denying its motion to substitute and dismissing the COI petition. The estate does not ask us to revisit *Rudy*. Rather, the estate argues that the Survival Act governs here, allowing the pending COI action to "survive" Gregory's death.

¶ 12                                                       I

¶ 13 We first address the issue of forfeiture. The State argues that we should not reach the question of whether the Survival Act applies, as the estate never raised it below.

¶ 14 An appellant must preserve its claims and issues for appeal to avoid forfeiture. *Brunton v. Kruger*, 2015 IL 117663, ¶ 76. But *arguments* in support of preserved issues or claims are not similarly limited by forfeiture. *Id.* ("We require parties to preserve issues or claims for appeal; we do not require them to limit their arguments here to the same arguments that were made below."); *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 18 (same). The estate has always argued that this pending action should continue after Gregory's

death. And in fairness, though it never cited the Survival Act, the estate's distinction of the *Rudy* decision was essentially a survival argument without the statute.

¶ 15    We would further note that forfeiture is a limitation on the parties, not this court, and we may relax the forfeiture rule where we deem it appropriate in the interests of justice. *Deutsche Bank National Trust Co. v. Cortez*, 2020 IL App (1st) 192234, ¶ 32; *Duniver v. Clark Material Handling Co.*, 2021 IL App (1st) 200818, ¶ 18. The forfeiture rule serves two critical functions: it ensures that the trial court has the chance to correct any errors before appeal, and it refuses to reward an appellant for its inaction below via reversal on appeal. *1010 Lake Shore Ass'n*, 2015 IL 118372, ¶ 14.

¶ 16    Neither concern is present here. This is not a situation where the estate's failure to raise the Survival Act prevented the trial court from making findings, factual or otherwise, that would be necessary to our disposition of this question on appeal. Even had the estate raised that argument below, it is a question of statutory interpretation subject to *de novo* review; we would not defer to the circuit court's legal interpretation. *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 74 (2002). Regardless of whether the estate raised this issue below, both the parties and this court would be in precisely the same position as we now find ourselves—the parties having fully briefed the issue on appeal, and this court reviewing the matter with fresh eyes. Reviewing this question does not prejudice the State. It does not advantage the estate. Nor does it undermine judicial economy in the least. We will consider the merits of this argument.

¶ 17                                          II

¶ 18    Substitution of parties, as the estate sought here, is permitted when "the action is one which survives." 735 ILCS 5/2-1008(b) (West 2022). That begs the question of whether a COI

proceeding is an action that "survives" the petitioner's death. *Id.* That, in turns, requires an interpretation of the Survival Act, a question we review *de novo*. *Unzicker*, 203 Ill. 2d at 74.

¶ 19 We construe a statute to give effect to the legislature's intent, first by examining the plain language of the statute. *People v. Pullen*, 192 Ill. 2d 36, 42 (2000); *People v. Gutman*, 2011 IL 110338, ¶ 12. If the plain language admits of one interpretation, our inquiry ends, and we enforce the statute as written. *Gutman*, 2011 IL 110338, ¶ 12. We "may not drastically rewrite the language to find a result that we prefer." *People v. Moore*, 2020 IL App (1st) 190435, ¶ 42.

¶ 20 The Survival Act does not create an independent cause of action; rather, it allows an estate to maintain certain causes of action that accrued before the decedent's passing. *Moon v. Rhode*, 2016 IL 119572, ¶ 38. The Act "is a remedial statute and is liberally construed in order to prevent abatement." *Walter v. Board of Education of Quincy School District No. 172*, 93 Ill. 2d 101, 108 (1982).

¶ 21 Relevant here, the Survival Act allows for the survival of "actions to recover damages *** for an injury to the person" and "actions to recover damages for an injury to real or personal property." 755 ILCS 5/27-6 (West 2022). The estate cites each of these bases for survival. In each event, however, the estate must first establish that a petition for a COI is an "action[ ] to recover damages" (*id.*), so we begin with that threshold question.

¶ 22 The estate claims that the COI proceeding is an action to recover damages in that one of the COI's principal purposes is to allow unjustly incarcerated individuals to obtain monetary compensation before the Court of Claims for their time in prison. *Moore*, 2020 IL App (1st) 190435, ¶ 37; *People v. McClinton*, 2018 IL App (3d) 160648, ¶ 17. The State argues that, while a COI may be an integral *step* in a bid to obtain damages from the Court of Claims, that COI

proceeding is not, itself, an action before the Court of Claims or an action for damages in any other way.

¶ 23    Subsection (h) of the COI statute provides the remedy for a successful petitioner: "If the court finds that the petitioner is entitled to a judgment, it shall enter a certificate of innocence finding that the petitioner was innocent of all offenses for which he or she was incarcerated." 735 ILCS 5/2-702(h) (West 2022). Upon the granting of the COI, in addition to the court expunging the individual's arrest record, "the clerk of the court shall transmit a copy of the certificate of innocence to the clerk of the Court of Claims." *Id.* The granting of a COI—the circuit court's finding of innocence—is binding on the Court of Claims. *Id.* § 2-702(j).

¶ 24    But nothing in the COI statute provides for an award of damages to the successful petitioner. A petitioner armed with a COI must file an action in the Court of Claims pursuant to its enabling statute. See 705 ILCS 505/8(c) (West 2022). Like the COI statute, the Court of Claims Act provides that the granting of a COI is "conclusive evidence of the validity of" the petitioner's claim. *Id.* So a petitioner armed with a COI is all but certain to receive an award of damages as determined by the Court of Claims and as capped by statute. *Id.*

¶ 25    But there is no denying that these are separate actions taken before separate tribunals. An individual who obtains a COI can derive many benefits, including expungement of his arrest and relief from any legal disability caused by his wrongful conviction. But he is not automatically entitled to damages when he receives the COI. He must take that next step by filing with the Court of Claims.

¶ 26    We fully appreciate that Gregory was imprisoned for 2½ years for a crime he did not commit, and we recognize that, during his lifetime, he would have been overwhelmingly likely to obtain a monetary judgment via the Court of Claims for the time he unjustly served. But no

matter how unfortunate the result, we must interpret the statute as written, not rewrite it to reach an outcome we would prefer. An action for a COI is clearly not an "action[ ] to recover damages" under the Survival Act. 755 ILCS 5/27-6 (West 2022). So a COI action is not "one which survives" under the substitution statute. 735 ILCS 5/2-1008(b) (West 2022). The circuit court properly denied substitution to the estate and dismissed the COI petition.

¶ 27                                CONCLUSION

¶ 28     The judgment of the circuit court is affirmed.

¶ 29     Affirmed.

*People v. Dobbins*, 2024 IL App (1st) 230566

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 08-CR-11379(01); the Hon. Erica L. Reddick, Judge, presiding. |
| **Attorneys for Appellant:** | Joshua Tepfer and Debra Loevy, of the Exoneration Project at the University of Chicago Law School, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Su Wang, and Paul E. Wojcicki, Assistant State's Attorneys, of counsel), for the People. |